UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**NICK'S GARAGE, INC.**,

                    Plaintiff,

   v.

**NATIONWIDE MUTUAL INSURANCE COMPANY,**

                    Defendant.

**JOINT PROPOSED CASE MANAGEMENT PLAN**

Civil Action No.: 5:12-cv-868
(MAD/DEP)

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 28th day of February, 2013.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 15th day of October, 2013.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 30th day of September, 2013. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 15th day of November, 2013. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 31st day of December 2013. It is anticipated that the trial will take approximately 5 days to complete. The parties request that the trial be held in Syracuse, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:**  X   (YES) / _____ (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Plaintiff has questioned the existence of diversity of citizenship in light of recent law changes, while Defendant maintains such diversity exists. Plaintiff is conducting further research on the matter and will be making a decision soon on whether to seek remand.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Both Parties

Vehicles of Nationwide auto insurance policyholders were involved in separate motor vehicle accidents/incidents.  In the case of the First Party Assignors, the insured vehicles were taken to plaintiff's auto body repair shop for repairs. In the case of the Third Party Assignors, vehicles not insured by Nationwide but which had been involved in an accident with a Nationwide policyholder were taken to Plaintiff for repairs, which were completed.  Defendant made payments toward the repairs of all of the vehicles.

Plaintiff obtained written assignments from the customers, the scope and validity of which Defendant neither concedes nor admits, which Plaintiff asserts as the basis for the current complaint. The complaint asserts that Defendant failed in its contractual and regulatory obligations to provide sufficient coverage to repair the vehicles to their pre-accident condition, which allegations Defendant denies.

There are no counterclaims or cross-claims in this action.

Plaintiff

Plaintiff's complaint is based on three state law theories of liability: (1) breach of contract, which relates only to the First Party Assignors, (2) quantum meruit, as to all assignors, and (3) violations of New York General Business Law Section 349.

Plaintiff's complaint references New York insurance laws and regulations but does not seek to bring an independent cause of action based on those laws and regulations.  Rather, under New York case law, the insurance laws and regulations are deemed to be a part of the insurance contracts as if written therein and are relevant to measuring the Defendant's performance of its contractual obligations.  The regulations are also relevant to the GBL 349 claims in that New York courts permit GBL 349 claims for violations of insurance laws and regulations when the plaintiff can plead facts that otherwise meet the requirements of GBL 349 claims.

The factual basis for Plaintiff's claims are the performance of repairs by Plaintiff, the assignment of claims, Defendant's provision of estimates and partial payment for all the property damage claims listed in the complaint, the claims procedures and policies used by Defendant in determining the amount it would pay for repairs, and all other allegations set forth in the Complaint.

Plaintiff disputes the factual and legal validity of Defendant's affirmative defenses, and should a timely motion be made on any of those defenses, will fully set forth its objections to those defenses at that time.

Defendant

Defendant's answer denied plaintiff's substantive factual allegations and asserted the following six affirmative defenses: (1) that the complaint's three causes of action fail to state a claim upon which relief can be granted; (2) that plaintiff failed to mitigate its damages; (3) that plaintiff's alleged damages are subject to reduction or set-off by amounts previously paid to plaintiff or its assignors; (4) that there is an absolute defense founded upon documentary evidence (that plaintiff's alleged damages are precluded or are reduced by operation of insurance policy exclusion); (5) that plaintiff lacks legal standing to pursue some or all of the claims asserted in the complaint; and (6) that some or all of plaintiff's estimates of costs of repairs included excessively high charges and/or unnecessary repairs, and plaintiff failed to negotiate in good faith toward resolving the differences in the plaintiff's and defendant's estimates.

Plaintiff's quasi-contract cause of action cannot succeed under New York contract law as to the first-party policyholder causes of action because Nationwide can show there was an enforceable written contract between the policyholders and Nationwide under which plaintiff can recover (theoretically, at least) any damages it proves it is due.  A plaintiff cannot recover quasi-contract damages in New York if there is an enforceable contract that it can recover under.

Plaintiff lacks standing under New York Insurance Law §3420 to pursue Nationwide in this action on the third-party claims because plaintiff has not met the required conditions precedent to bringing those third-party direct actions against the insurer.

The General Business Law § 349(h) claims of the plaintiff must fail because they lack the factual basis needed for such claims (Nationwide has not deceptively advertised or promoted its auto insurance product, committed no deceptive or misleading acts, and the disputes concerning these specific claims do not reflect widespread public injury to consumers.)   Some of the subject policies of insurance at issue in this action expressly permit Nationwide, in estimating the cost of vehicle repairs, "to consider either original equipment manufacturer parts or non-original equipment manufacturer parts."  There is no right in New York to pursue a private cause of action regarding a perceived Regulation 64 violation of failure to act in good faith in settlement negotiations toward resolving competing vehicle repair estimates.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Plaintiff

At this time, Plaintiff believes there is not a significant factual dispute as to the actual methods used by Defendant's appraisers in preparing the estimates for the repairs itemized in the Complaint and that this is primarily a dispute as to the propriety of those methods and, relatedly, the scope and contours of Defendant's contractual and regulatory obligations to repair vehicles to their pre-accident condition.

Specifically Plaintiffs believes that there is a genuine dispute as to the propriety under New York law and the relevant contracts (where applicable) of the claims practices and procedures used by

Defendant in making it estimates, including but not limited to (i) the propriety of Defendant's refusal to negotiate paint materials on itemized costs and use of a per hour formula instead, (ii) the propriety of Defendant's insistence on less expensive non-OEM parts in light of New York regulations on OEM versus non-OEM parts; (iii) the propriety of Defendant's "mix-and-match" approach to calculating the number of hours of labor required for a repair using industry manuals and databases, (iv) whether the maximum labor rate Defendant has agreed to pay is so far below the market rate as to constitute failure to provide sufficient coverage; and (v) other claims practices and procedures that will be more fully identified through discovery.

Plaintiff does not believe Defendant's obligation to provide coverage for the repairs is genuinely in dispute because (i) Defendant did not disclaim coverage for any of the itemized vehicles and respective dates of loss, (ii) Defendant provided estimates for repairs for each itemized incident of property damage, and (iii) Defendant made partial payment in all cases.

<u>Defendant</u>

Much of what plaintiff alleges in its complaint is in dispute.

Defendant disputes at this early stage in the action that each of the alleged assignments is legally effective.  Further defendant at this early stage in the action has not yet been able to determine whether the alleged assignments even occurred.

Defendant at this early stage in the action is unable to determine whether the alleged repairs were made by plaintiff.  Defendant at this early stage in the action is unable to determine whether each and every repair allegedly made by plaintiff was actually necessary to restore vehicles to their pre-accident condition.

Defendant disputes plaintiff's allegations asserting it would cost more to restore the vehicles to their pre-accident condition than defendant estimated.    Defendant disputes plaintiff's allegation that defendant's claims practices and/or procedures violate either the explicit terms of the subject insurance policies, or, any applicable statutes or regulations.

Defendant respectfully requests that the Court see defendant's response to #8 above for a more complete summary of additional factual and/or legal issues in genuine dispute.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Plaintiff believes that after discovery there may be issues which are amenable to partial summary judgment but believes it is unlikely that the entire case will be capable of a summary judgment disposition.  Plaintiff anticipates that at a minimum the parties' question of the fair market value of labor rates will remain at issue even after discovery, and that said issue is a factual dispute which could not be resolved as a matter of law without testimony.

Defendant states see its response to #8 above.

4
Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff seeks monetary damages in amounts specified in the complaint.

Defendant seeks dismissal of the action with prejudice.

**12) DISCOVERY PLAN:**

    A.    **Mandatory Disclosures**

    The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before.

    October 31, 2012

    B.    **Subjects of Disclosure**

    The parties jointly agree that discovery will be needed to address the following subjects:

- The methods of preparation of estimates and tools used to aid the preparation of those estimates, including but not limited to manuals, databases, training materials, the practices,
- policies and procedures followed in estimating repairs, internal and external communications regarding the repairs at issue,
- the reasonable and fair market cost of completing the necessary repairs to the motor vehicles, including but not limited to labor rates;
- matters related to the use of non-original equipment manufacture parts in repairs
- whether plaintiffs have in fact been assigned the rights of the first and/or third parties involved in the motor vehicle accidents;
- the applicable terms of the subject auto insurance policies in question;
- the repair work actually done by Nick's Garage to each vehicle;
- the actual material and labor costs for each repair;
- what Nick's Garage actually billed its customers for its repair work;
- how much Nick's Garage was paid for its repair work;
- whether there has been widespread public injury as a result of how Nationwide dealt with the 19 claims;
- whether Nationwide committed deceptive or misleading acts;
- whether Nationwide deceptively advertised its auto insurance product;

.
The parties reserve all rights to with respect to possible other areas of discovery not on this list and about which they are not in agreement. The parties further reserve all rights

to assert, after receipt of discovery request, that particular requests are overly broad and unduly burdensome notwithstanding that they may fall within or relate to the general topics above.

### C.    Discovery Sequence

*Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.*

The parties do not anticipate that discovery will be phased to address different issues. The parties anticipate engaging in written discovery, followed up by depositions, with possible additional written discovery necessary as a result of information provided in depositions.

### D.    Written Discovery

*Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.*

Plaintiff anticipates serving initial document demands and interrogatories by October 31, 2012.  Plaintiff's interrogatories may request information with respect to each of the vehicles and losses listed in the complaint, including but not limited to the name of the appraiser and claims supervisor that handled the estimate of each.  To the extent that the Court interprets such a request as containing a separate subsection for each of the vehicles that are repaired, Plaintiff seeks permission to exceed the Rule 33 limit of 25 interrogatories.

Defendant's interrogatories may request information with respect to each of the vehicles and  repair jobs described in the complaint, including the name of the plaintiff's estimator, the date of the estimate, the amount paid by the customer seeking the repairs, the amount agreed to be paid by the customer seeking the repairs, and which Nick's Garage employees performed the repair work.  To the extent that the Court interprets such a request as containing a separate subsection for each of the vehicles that are repaired, Defendant seeks permission to exceed the Rule 33 limit of 25 interrogatories.

### E.    Depositions

*Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.*

The parties anticipate that Plaintiff will need to produce those individuals who prepared the estimates of the vehicles in question, which Plaintiff identifies as Michael Orso and Larry Zappalletto.

The parties anticipate that Defendant will need to produce the adjustors and claims supervisors or managers responsible for providing the estimates of the vehicles & repairs in  question, which Defendant identifies as follows:

Peter Butkins, Nationwide appraiser on Sieh, Gottuso, Labulis, Sabene and McCauley claims;
Kevin Reynolds, Nationwide appraiser on Greenfield, Aitchison, Hunt, Cameron, Foster (2012), Labulis, Marko, Card, Lyons, Perry and New York Bakery of Syracuse Inc claims;
Thomas Oxford, Nationwide appraiser on Lupo, Cameron and Perry claims;
Jeff Mawhir, Nationwide appraiser on Greenfield claim;
Fred Drew, Nationwide appraiser on Foster (2011) claim;
Allen Reynolds, Nationwide claims manager

If at a later time it is determined that the individuals who prepared and handled the estimates are other than as identified above, additional or substitute depositions will be need of those later identified individuals.

The parties state that at this preliminary stage, it is expected that the parties will be deposed at a mutually agreeable location within New York State.

Defendant asserts that a significant number of non-party fact depositions will also need to be taken, including but not limited to depositions of the Nationwide policyholders and the third-party assignors, and the Nick's Garage employees who did the repair work. Plaintiff disputes that these depositions are necessary.

**F.**     **Experts**

*Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).*

Plaintiff anticipates calling an expert witness on with respect to the prevailing fair market labor rate and related matters, including but not limited to the impact on rates of a body shop's arrangements with insurers to be one of the shops that insurers identify upon

receipt of a request from the customer. Plaintiff reserves the right to identify other topics of expert testimony in the future.

Plaintiff does not seek a variance from the typical expert disclosure requirements.

Defendant does not seek a variance from the typical expert disclosure requirements, and may call an expert witness, but much depends on what kind of expert plaintiff is calling, whether the Court will allow such an expert, and, if so, what plaintiff's expert is going to testify about.

### G.     Electronic Discovery

*Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.*

The parties have not reached any agreement regarding electronic discovery.

At this time, the parties anticipate that much of the information stored electronically, such as emails, and estimates, will be identified by each party and produced in electronic or paper format without the need for forensic or expert assistance.

### H.     Protective Orders

*If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.*

At this time Plaintiff does not anticipate the need for such an order but reserves the right to request one in the future.

Nationwide seeks a protective order stipulated to regarding keeping confidential its confidential business practices, including but not limited to Nationwide's practices and procedures for estimating the cost of repairs on its insureds' vehicles.

I.  **Anticipated Issues Requiring Court Intervention**

*Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.*

Defendant in a related case has served a written discovery requests that Plaintiff has objected to as overly broad and unduly burdensome in that it expands the scope of documents sought far beyond the specific vehicles and repairs at issue in the case and even beyond the specific insurer at issue.  Initial requests to narrow the scope have been rebuffed.  If Defendant serves equally broad requests in this case, and the parties are unable to reach a compromise, court intervention may be required.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Plaintiff anticipates that summaries and stipulations will be very useful given the number of vehicle repairs involved and the amenability to presentation in summary format of a number of relevant but undisputed facts regarding those specific incidents of property damage and repair.

Defendant states it may be possible to shorten the trial's length if the parties stipulate to the meaning and legal implications of the terms and provisions of the applicable subject insurance policies.  It may be feasible to bifurcate the liability issues from the damages issues at trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

Jeffrey's Auto Body, Inc. v. State Farm General Insurance Company
Case No.: 5:12-cv-00635

Jeffrey's Auto Body, Inc. v. Progressive Casualty Insurance Company
Case No.: 5:12-cv-00776

Nick's Garage, Inc. v. State Farm General Insurance Company
Case No.: 5:12-cv-00633

Nick's Garage, Inc. v. Progressive Casualty Insurance Company
Case No.: 5:12-cv-00777

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----**2**-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)→→→→→→ →→→→→→→ (LIKELY)

CANNOT BE EVALUATED PRIOR TO __end of depositions_____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

Plaintiff believes mediation would be useful.  Defendant believes early neutral evaluation would be useful.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

               _____          ARBITRATION

               _____          MEDIATION

               _X_____          EARLY NEUTRAL EVALUATION

********************************************************************************
Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on September 20, 2012 at 3:30pm and was attended by:

Cecelia R.S. Cannon for plaintiff.

Eric T. Boron  for defendant Nationwide Mutual Insurance Company

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk at least fourteen (14) days in advance of the conference date.***

181873401_7