UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**NICK'S GARAGE, INC.,**

Plaintiff,

v.

**NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA; NATIONWIDE GENERAL INSURANCE COMPANY; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY; and NATIONWIDE INSURANCE COMPANY OF AMERICA;**

Defendants.

**AMENDED COMPLAINT**

Civil Action No.: 5:12-cv-868

Plaintiff, Nick's Garage, Inc. ("Nick's Garage"), by and through its attorneys, Bousquet Holstein PLLC, as and for its Amended Complaint against Nationwide Affinity Insurance Company Of America; Nationwide General Insurance Company; Nationwide Mutual Fire Insurance Company; Nationwide Mutual Insurance Company; Nationwide Property And Casualty Insurance Company; and Nationwide Insurance Company Of America; ("Defendants"), hereby states and alleges as follows:

1. Plaintiff, Nick's Garage is a New York corporation with a principal place of business at 638 West Genesee Street, Syracuse, New York 13204.

2. Defendant, Nationwide Affinity Insurance Company Of America is an insurance company organized under the laws of the state of Ohio, with a principal place of business at One Nationwide Plaza, Columbus, Ohio.

3.      Defendant, Nationwide General Insurance Company is an insurance company organized under the laws of the state of Ohio, with a principal place of business at One Nationwide Plaza, Columbus, Ohio.

4.      Defendant, Nationwide Mutual Fire Insurance Company is an insurance company organized under the laws of the state of Ohio, with a principal place of business at One Nationwide Plaza, Columbus, Ohio.

5.      Defendant, Nationwide Mutual Insurance Company is an insurance company organized under the laws of the state of Ohio, with a principal place of business at One Nationwide Plaza, Columbus, Ohio.

6.      Defendant, Nationwide Property and Casualty Insurance Company is an insurance company organized under the laws of the state of Ohio, with a principal place of business at One Nationwide Plaza, Columbus, Ohio.

7.      Defendant, Nationwide Insurance Company Of America is an insurance company organized under the laws of the state of Iowa, with a principal place of business at 1100 Locust Street, Des Moines, Iowa.

8.      Defendant engages in the business of selling insurance in New York.

**FACTS COMMON TO ALL CAUSES OF ACTION:**

9.      Plaintiff is the assignee of claims by the following persons ("Assignors"), each of whom was in a motor vehicle accident involving an insured of Defendant's as indicated below:

|       | Assignor | Defendant's Insured | Policy No. | Vehicle Vin No. (collectively, the "Vehicles") |
|-------|----------|---------------------|------------|------------------------------------------------|
| (i)   | Card, Patricia | Card, Patricia | 6631P917581 | WBAPM77599NL86993 |
| (ii)  | Colombo, Therese | Colombo, Therese | 6631F064047 | KNADE123666099328 |
| (iii) | Foster, Andrew | Foster, Andrew | 6631F096493 | 1B3LC56J18N289729 |
| (iv)  | Foster, Andrew | Foster, Andrew | 6631F096493 | 1B3LC56J18N289729 |

2

| (v) | Gottuso, Casper | Gottuso, Casper | 66P733134 | JF1GD29664G523581 |
| (vi) | Greenfield, Beryle | Greenfield, Beryle | 6631B515372 | 1G4HD57248U127653 |
| (vii) | Labulis, Edward | Labulis, Edward | 6631P816871 | 1D7HU18216S662143 |
| (viii) | Lyons, Daniel | Lyons, Daniel | 6631P966178 | 1FMCU94168KB66706 |
| (ix) | Marko, John | Marko, John | 66P901636 | 5FNRL387X8B083628 |
| (x) | McCauley, Daniel | McCauley, Daniel | 66P996678 | 1GNDT13S452221857 |
| (xi) | New York Bakery | New York Bakery | 66PE00226366 PE | 1D3HV18TX9S788349 |
| (xii) | Perry, Patricia | Perry, Patricia | 6631P966246 | KNDJF724X87516414 |
| (xiii) | Sabene, Daniel | Sabene, Daniel | 6631P958404 | 4A3AE45GX1E225790 |
| (xiv) | Sieh, Maureen | Sieh, Maureen | 6631P454126 | 2T1BR12E9XC252472 |
| (xv) | Adams, Dave | Smoral, Leonard | | 2D4GP44L95R188894 |
| (xvi) | Aitchison, Andrew | Nevidomsky, Johnny | | 1GNEK13T84R309980 |
| (xvii) | Buccina, Rosario | Chong, Myongsun | | 4S2DF58X534600089 |
| (xviii) | Cameron, Donald | Hay, Nicole | | 1G6EL12Y1TU610253 |
| (xix) | Hunt, Brandon | Lupo, Christina | | 2G1WD58C279352144 |

10.     At all relevant times to this Complaint, the relevant policies for each of Defendants' insureds listed above (collectively, the "Policies") were in effect.

11.     Upon information and belief, the Assignors were involved in motor vehicle accidents resulting in property damage to the Vehicles (the "Accidents"), for which property damage claims were made against the Defendant as follows:

| | Assignor | Policy No. | Claim No.: | Date of Loss |
| --- | --- | --- | --- | --- |
| (i) | Card, Patricia | 6631P917581 | 6631P91758102281101P/C1 | 2/28/2011 |
| (ii) | Colombo, Therese | 6631F064047 | 6631F06404710171001T/C1 | 10/17/2010 |
| (iii) | Foster, Andrew | 6631F096493 | 6631F096493 | 7/27/2011 |
| (iv) | Foster, Andrew | 6631F096493 | 6631F09649302071201A/F1 | 2/7/2012 |
| (v) | Gottuso, Casper | 66P733134 | 6631P73313405180801C/G1 | 5/18/2008 |
| (vi) | Greenfield, Beryle | 6631B515372 | 6631B51537207180801B/G1 | 7/18/2008 |
| (vii) | Labulis, Edward | 6631P816871 | 6631P81687101190801E/L1 | 1/19/2008 |

3

| | | | | |
|---|---|---|---|---|
| (viii) | Lyons, Daniel | 6631P966178 | 6631P96617801071101D/L11 | 1/7/2011 |
| (ix) | Marko, John | 66P901636 | 6631P90163609020901J/M1 | 9/2/2009 |
| (x) | McCauley, Daniel | 66P996678 | 6631P99667801290801D/M1 | 1/29/2008 |
| (xi) | New York Bakery | 66PE00226366PE | 6631PE002263082 | 8/26/2011 |
| (xii) | Perry, Patricia | 6631P966246 | 6631P96624603101101P/P1 | 3/10/2011 |
| (xiii) | Sabene, Daniel | 6631P958404 | 6631P95840404300801D/S1 | 4/30/2008 |
| (xiv) | Sieh, Maureen | 6631P454126 | 6631P45412610150701M/S1 | 10/15/2007 |
| (xv) | Adams, Dave | | | 12/23/2010 |
| (xvi) | Aitchison, Andrew | | 6631BA63699810141051A/A3 | 10/14/2010 |
| (xvii) | Buccina, Rosario | | 6631F09647912161001R/B11 | 12/16/2010 |
| (xviii) | Cameron, Donald | | 6631F08375710311001D/C1 | 10/31/2010 |
| (xix) | Hunt, Brandon | | 6631F08364302251101B/H1 | 2/25/2011 |

12.    In the case of Assignors (i) – (xiv) (the "First Party Assignors"), the respective Policies provided insurance coverage for property damage to the automobiles listed above as indicated (the "Vehicles").

13.    For Assignors (xv) – (xix) (the "Third Party Assignors"), the Accident was caused solely by the negligence of Defendant's Insured or another person operating the Vehicle with the permission of Defendant's Insured, and Defendant admitted liability by providing partial payment for repairs on the Assignors' Vehicles.

14.    In each case, Defendant were obligated to provide enough coverage to restore the Vehicles to the same condition they were in immediately prior to the Accidents.

15.    Each of the Assignors took their respective Vehicle to Plaintiff for repairs.

16.    Each of the Assignors made Plaintiff his/her Designated Representative as provided for by regulation.

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

17.    With respect to each of the Vehicles, Plaintiff provided the Defendant with an Estimate that reflected the amount necessary to return the respective Vehicle to its pre-Accident condition.

18.    With respect to each of the Vehicles, the Defendant provided Plaintiff with copies of its estimates for repairs (the "Insurer Estimate").

19.    The Insurer's Estimate was insufficient to repair the Vehicles to their pre-Accident condition and in compliance with the New York State Insurance Laws and Regulations.

20.    On or about the following dates, Plaintiff served upon Defendant Notices of Deficiencies (the "Notice") informing Defendant that there were open items and that an agreed upon amount had not been reached for the repairs:

|  | Assignor | Policy No. | Date of Notice of Deficiency |
|---|---|---|---|
| (i) | Card, Patricia | 6631P917581 | 3/28/2011 |
| (ii) | Colombo, Therese | 6631F064047 | 10/24/2010 |
| (iii) | Foster, Andrew | 6631F096493 | 8/11/2011 |
| (iv) | Foster, Andrew | 6631F096493 | 2/21/2012 |
| (v) | Gottuso, Casper | 66P733134 | 6/17/2008 |
| (vi) | Greenfield, Beryle | 6631B515372 | 8/21/2008 |
| (vii) | Labulis, Edward | 6631P816871 | 2/19/2008 |
| (viii) | Lyons, Daniel | 6631P966178 | 3/3/2011 |
| (ix) | Marko, John | 66P901636 | 9/30/2009 |
| (x) | McCauley, Daniel | 66P996678 | 2/8/2008 |
| (xi) | New York Bakery | 66PE00226366PE | 10/19/2011 |
| (xii) | Perry, Patricia | 6631P966246 | 3/28/2010 |
| (xiii) | Sabene, Daniel | 6631P958404 | 6/18/2008 |
| (xiv) | Sieh, Maureen | 6631P454126 | 2/12/2008 |
| (xv) | Adams, Dave |  | 1/27/2011 |
| (xvi) | Aitchison, Andrew |  | 11/4/2010 |
| (xvii) | Buccina, Rosario |  | 2/28/2010 |
| (xviii) | Cameron, Donald |  | 1/4/2011 |
| (xix) | Hunt, Brandon |  | 4/1/2011 |

5

21.     Defendant impeded and delayed fair settlement by, among other things, dictating and allocating price allowances, setting arbitrary price caps, refusing to negotiate labor rates, refusing to pay proper amounts for paint and parts invoices, and in many cases by failing to inspect or re-inspect the Vehicles within the time frames specified by regulation.

22.     As a result of Defendant's actions and/or inaction as set forth above, Defendant failed to negotiate in good faith pursuant 11 NYCRR Part 216 (" Regulation 64").

### Payment and Amount Owed

23.     Plaintiff completed the repairs to the Vehicles to restore them to the same condition they were in immediately prior to the loss.

24.     In each of the above referenced claims of the Assignors, Defendant failed to pay Plaintiff for the full amount required to put the respective Vehicle into its pre-accident condition.

25.     In total, deficiencies of the following amounts remain due and owing to Plaintiff as a result of its repairs to the Vehicles (the "Deficiency").

|        | Assignor            | Policy No.       | Deficiency Amount |
|--------|---------------------|------------------|-------------------|
| (i)    | Card, Patricia      | 6631P917581      | $1,405.89         |
| (ii)   | Colombo, Therese    | 6631F064047      | $659.02           |
| (iii)  | Foster, Andrew      | 6631F096493      | $1,524.02         |
| (iv)   | Foster, Andrew      | 6631F096493      | $1,321.92         |
| (v)    | Gottuso, Casper     | 66P733134        | $2,072.98         |
| (vi)   | Greenfield, Beryle  | 6631B515372      | $3,129.73         |
| (vii)  | Labulis, Edward     | 6631P816871      | $2,054.79         |
| (viii) | Lyons, Daniel       | 6631P966178      | $1,954.57         |
| (ix)   | Marko, John         | 66P901636        | $3,357.35         |
| (x)    | McCauley, Daniel    | 66P996678        | $1,067.61         |
| (xi)   | New York Bakery     | 66PE00226366PE   | $2,507.84         |
| (xii)  | Perry, Patricia     | 6631P966246      | $662.83           |
| (xiii) | Sabene, Daniel      | 6631P958404      | $1,754.15         |
| (xiv)  | Sieh, Maureen       | 6631P454126      | $1,151.44         |
| (xv)   | Adams, Dave         |                  | $1,734.48         |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

| (xvi) | Aitchison, Andrew | | $1,286.50 |
| (xvii) | Buccina, Rosario | | $1,422.45 |
| (xviii) | Cameron, Donald | | $1,090.93 |
| (xix) | Hunt, Brandon | | $2,522.59 |

## FIRST CAUSE OF ACTION

26.    Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 28 as if fully set forth herein.

27.    Defendants have refused to pay the Deficiencies for repairs on the First Party Assignors' Vehicles and thereby has violated its obligation under the Policies and New York Insurance Law and regulations to repair the Vehicles to their pre-accident condition.

28.    As a result of the foregoing, Plaintiff is entitled to damages from Defendant in the amount of $24,624.14, together with interest at the statutory rate.

## SECOND CAUSE OF ACTION

29.    Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 28 as if fully set forth herein.

30.    Plaintiff has had numerous dealings with Defendant over the years involving claims by consumer customers of Plaintiff's against Defendant for coverage for automobile repairs.

31.    Defendant frequently provides a lower estimate of the cost of repairs than that which is actually required to repair a given vehicle to its pre-loss condition.

32. With respect to Assignors (i)-(iv), (viii), (xi)-(xii), and (xv)-(xix) and the related Accidents listed above, Defendant limited the costs it would cover to repair the Vehicles to less than the full amount necessary to repair the Vehicles to their pre-Accident condition.

7

33.     Defendant's limitation of costs was a material deceptive action because it knew when it made its limitation that it was not providing the full amount necessary to restore the Vehicles to their pre-Accident condition.

34.     Defendant's failure to negotiate all elements of the specified claim as required by regulation constitutes a deceptive business practice within the meaning of General Business Law §349.

35.     Plaintiff has been injured because Plaintiff has not been paid the full cost of the repairs that were completed on the Vehicles.

36.     As a result of the forgoing, Defendant has repeatedly violated General Business Law §349 and Plaintiff is entitled to actual damages for each of the violations specified herein in the amount of $18,093.04 and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully submits that this Court enter an Order and Judgment awarding Plaintiff the following:

a)     On its First Cause of Action in the amount of $24,624.14;

b)     On its Second Cause of Action in the amount of $18,093.04 plus attorney fees, and;

d)     Such other and further relief as the Court deems just and proper.

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

Dated: March _26_, 2013                     BOUSQUET HOLSTEIN PLLC
                                             Formerly known as Green & Seifter, Attorneys, PLLC


                                             Lawrence M. Ordway, Jr., Esq.
                                             Bar Roll No.: 509310
                                             Cecelia R.S. Cannon, Esq.
                                             Bar Roll No.: 515626
                                             Attorneys for Plaintiff
                                             110 West Fayette Street, Suite 900
                                             Syracuse, New York 13202
                                             Telephone: (315) 422-1391

1932638_8