

ROY A. MURA
SCOTT D. STORM*
KRIS E. LAWRENCE
ERIC T. BORON
SCOTT D. MANCUSO
RYAN M. MURA
*ALSO ADMITTED IN PA

930 RAND BUILDING
14 LAFAYETTE SQUARE
BUFFALO, NEW YORK  14203
(716) 855-2800
(716) 855-2816 (FAX)
www.muralaw.com
nycoveragecounsel.blogspot.com

LEGAL ASSISTANT
RENEE ESPINOSA

ANNA-LISA BONVENTRE
Of Counsel

January 23, 2018

Hon. Mae A. D'Agostino  **VIA ECF**
United States District Court
James T. Foley U.S. Courthouse
445 Broadway, 1st Floor South
Albany, NY  12207-2936

> Re:   *Nick's Garage, Inc. v. Nationwide Mut. Ins. Co., et al.*
>        Civil Action No.:     12-CV-0868 (MAD/DEP)
>        Our File No.:         5580

Dear Judge D'Agostino:

My office represents the Nationwide defendants ("Nationwide") in this action and, along with my colleague, Eric Boron, I appeared before Your Honor at the recent January 9, 2018 teleconference.  This letter brief serves as Nationwide's request for a new discovery and summary judgment briefing schedule to address the issues raised by the Second Circuit Court of Appeals' recent summary order.  In relevant part, the Second Circuit's summary order leaves two claims for further determination: plaintiff's breach of contract claim, and plaintiff's General Business Law § 349 claim.  Each claim is discussed separately below.

**I.   THE SECOND CIRCUIT REINSTATED PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION ON PROCEDURAL, NOT SUBSTANTIVE, GROUNDS, AND THEREFORE SUMMARY JUDGMENT IS PROPERLY REVISITED**

This Court, in its original summary judgment memorandum decision as it relates to breach of contract, held that plaintiff Nick's Garage, Inc. had failed to offer summary judgment-quality evidence that the amounts paid by Nationwide for vehicle repairs were insufficient to return the vehicles in question to their pre-accident condition.  This Court held that plaintiff's arguments regarding alleged deficiencies were made "in entirely conclusory fashion," (SJ Decision, Dkt. 83, at 13, and hinged primarily on differences in labor rates between what plaintiff demanded and what Nationwide was willing to pay.  *See id.*  As to rates, this Court noted the undisputed record evidence that Nationwide had other shops "willing to perform the work at the labor rate used" in Nationwide's quotes.  *Id.* at 15.

MURA&STORM, PLLC

Hon. Mae A. D'Agostino
January 23, 2018
Page  2

In its decision reviewing the breach of contract portion of this Court's decision, the Second Circuit held that this Court had identified and ruled on the determinative summary judgment issue *sua sponte*, without it first having been raised by Nationwide in its original moving papers (as opposed to its reply).  The Second Circuit took pains to note that this Court was empowered and entitled to identify and rule on the determinative summary judgment issue *sua sponte*, even if it was not initially raised by the moving party.  But the Second Circuit noted that before so ruling, this Court was required to give the parties notice and an opportunity to present evidence on the issue.  As the Second Circuit wrote:

> The problem is not that the court relied, *sua sponte*, on a ground the movant had not raised.  That is within the court's power.  The problem is that, in doing so, the court failed to give Garage prior notice of the ground on which it intended to rely, coupled with citation to record evidence demonstrating Insurer's entitlement to judgment on that ground….The governing rule of civil procedure expressly allows the court to grant a motion for summary judgment on grounds that were not raised in the motion, but only after giving the opposing party notice and the opportunity to oppose.

COA Summary Order at 4.  The Second Circuit's vacation of this Court's grant of summary judgment to Nationwide on plaintiff's breach of contract cause of action, therefore, was purely procedural, and not substantive.  The breach of contract claim was remanded for further proceedings.

Pursuant to the Second Circuit's direction and holding, this Court has now given plaintiff notice of the summary judgment issue with respect to plaintiff's breach of contract claims: whether plaintiff has met its burden of adducing summary judgment-quality evidence that the amounts paid by Nationwide were insufficient to return the vehicles in question to their pre-accident condition.  This Court has also identified the portions of the record that give rise to the summary judgment concern, namely this Court has cited existing record evidence that amounts paid by Nationwide were, in fact, sufficient to return the vehicles to their pre-accident conditions, and there were shops available to do the necessary work at the amounts paid by Nationwide.  Upon remand for further proceedings on this issue, if plaintiff is to avoid summary judgment now is the time for plaintiff to come forward with evidence regarding whether the amounts paid by Nationwide were sufficient or insufficient to return the vehicles to their pre-accident condition.  That evidence, as this Court has previously noted, must be more than conclusory, and should address the currently undisputed record evidence that Nationwide had other shops available to do the work of returning the vehicles to their pre-accident condition for the amounts and at the labor rates offered.

Thus, based on the Second Circuit's direction, Nationwide respectfully requests that this Court issue a briefing schedule whereby Nationwide is given leave to file a renewed summary judgment motion that is supplemented by this Court's March 31, 2015 summary judgment decision; plaintiff is given an opportunity to respond; and Nationwide is accorded the opportunity to file a reply memorandum in response to plaintiff's submission.

Hon. Mae A. D'Agostino
January 23, 2018
Page 3

## II. THIS COURT SHOULD PERMIT A RENEWED MOTION FOR SUMMARY JUDGMENT ON THE GBL § 349 CLAIM DUE TO THE SECOND CIRCUIT'S APPARENT NEW ENUNCIATION OF WHAT GBL § 349 IN THIS CASE REQUIRED

With respect to plaintiff's GBL § 349 claim, the Second Circuit, in its *Nationwide* decision and its incorporated *Progressive* decision, announced refinements and apparent changes to controlling law: that the amounts to be paid by an auto insurer for repairs should be evaluated in regard to what "*the claimant* [i.e., the insured]," COA Summary Order at 5 (brackets in the original), can reasonably be expected to pay for such repairs, and not strictly according to what an insurer would pay for such repairs. Under this apparent, newly-announced legal standard, there is currently a gap in the record evidence and discovery, in which neither party has had the opportunity to tailor its rate-based evidence to the claimant/insured standard articulated by the Court of Appeals. Accordingly, Nationwide respectfully submits that this Court should set a reasonable period for additional discovery specific to this issue, and also set a briefing schedule by which Nationwide can renew its motion for summary judgment.

FRCP Rule 56 does not limit the number of summary judgment motions that may be filed in a single action. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir 2010) (holding the district court has discretion to entertain successive motions for summary judgment). It is well established in this Second Circuit that "district courts enjoy considerable discretion in entertaining successive dispositive motions." *Johnson v. Gagnon*, 2016 U.S. Dist. LEXIS 133148, *6 (N.D.N.Y. Sept. 28, 2016) (*quoting Sira v. Morton*, 380 F.3d 57, 68 [2d Cir. 2004]); *see, also, Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 99 F. Supp. 3d 388, 391 (W.D.N.Y. 2015) ("a district court has discretion to entertain a successive motion for summary judgment"); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

"[T]he district court may in its discretion allow a party to … file a successive motion, particularly if good reasons exist." *Johnson v. Gagnon*, 2016 U.S. Dist. LEXIS 133148, at *11 (*quoting Whitford v. Boglino*, 63 F.3d 527, 530 [7th Cir. 1995]). *Whitford* held that a successive motion for summary judgment is especially appropriate under any of three circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Whitford*, 63 F.3d at 530 (citation omitted).

Here, the Second Circuit's recent decisions represent an intervening change in controlling law. New evidence and/or an expanded factual record are needed to ensure this Court has before it a fulsome record on the question of what rates claimants/insureds could reasonably be expected to pay for collision repairs (and whether those rates differ in any material respect from the collision repair rates paid by insurers like Nationwide). While plaintiff has purported to offer evidence of what rates would look like without insurers' influence, and/or what "posted" <u>mechanical</u> rates are, plaintiff has notably stopped short of

**MURA&STORM, PLLC**

Hon. Mae A. D'Agostino
January 23, 2018
Page 4

offering any evidence of what the real world claimant/insureds, in fact, pay or are reasonably expected to pay, for <u>collision</u> repairs in the relevant market. Without discovery directed at the specific issue of collision repair labor rates that actual claimants/insureds could reasonably have been expected to pay, the Second Circuit's directive will not be met, and manifest injustice would result. For these reasons, the parties should be accorded a brief additional period for rate-related discovery, and Nationwide should be permitted to renew its motion for summary judgment.

**III.   THIS COURT ON REMAND MAY PASS ON ANY ISSUE NOT DISPOSED OF ON APPEAL**

The Summary Order neither forecloses a second summary judgment motion nor holds that triable issues of material fact exist precluding Nationwide from obtaining summary judgment. Consequently, this Court on remand may grant Nationwide's request for leave to file a second motion. "The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (internal citation and emphasis omitted). "But the mandate is controlling only as to matters within its compass. When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *In re Coudert Bros. LLP*, 809 F.3d 94, 98 (2d Cir. 2015) (internal citation and quotations omitted). *See also Cohen v. DHB Indus., Inc.*, 658 F. App'x 593, 594 (2d Cir. 2016); *Dish Network Corp. v Arrowood Indem., Co.*, 772 F.3d 856, 863 (10th Cir. 2014) ("Although a district court is bound to follow the mandate, and the mandate controls all matters within its scope,…a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."); *Catlin v. Sobol*, 988 F. Supp. 85, 89 (N.D.N.Y. 1997) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.").

For the reasons set forth above, the Nationwide defendants respectfully request creation of a discovery and summary judgment briefing schedule sufficient to allow a full presentation of the issues.

Respectfully submitted,

**MURA&STORM, PLLC**

Roy A. Mura
(Bar Roll # 502176)

RAM/etb

cc:   Cecelia R.S. Cannon, Esq. (via ECF)